### NORTON v. HUFFINE & CO.

No. 4960.    Opinion Filed July 27, 1915.

(150 Pac. 1099.)

SALES—Contracts—Construction. In an action for damages for breach of contract of sale providing that "40 tons of this hay to be loaded as soon as cars can be secured for the loading and weather permitting the said hay to be loaded, * * * and the other 60 tons * * * to be shipped out in 90 days; car service and weather conditions also as above stated," **held**, that by the terms of the contract it was contemplated that the hay should be delivered within 90 days if it was practicable to do so under the prevailing condition of the weather, and not that it should be delivered within that time regardless of the very contingency for which provision was made.

(Syllabus by Bleakmore, C.)

*Error from District Court, Mayes County;*
*Preston S. Davis, Judge.*

Action by Huffine & Co., a copartnership, against C. D. Norton. Judgment for plaintiff, and defendant brings error. Affirmed.

*Davenport & Rye* and *F. M. Smith,* for plaintiff in error.

*Seymour Riddle, Albert D. Bennett,* and *Charles B. Mitchell,* for defendant in error.

Opinion by BLEAKMORE, C. This is an action for breach of contract of sale commenced in the district court of Mayes county on the 22d day of April, 1912, by the defendant in error, as plaintiff, against the plaintiff in error, as defendant. The parties will be hereafter referred to as they appeared in the trial court.

In the petition it is alleged, in substance, that on the 15th day of January, 1912, the plaintiff and defendant entered into a written contract whereby the defendant sold the plaintiff 100 tons of baled hay, to be delivered f. o. b. cars at Big Cabin, Okla., at $11 per ton, 40 tons of which were to be delivered as soon as cars therefor could be secured, and the remainder within 90 days; that 55 tons thereof were delivered pursuant to the contract; that plaintiff had complied with and performed all the terms and conditions of said contract, and was ready and willing to receive and pay for the remainder of said hay; but that defendant had failed and refused to deliver the same, to plaintiff's damage in the sum of $315.

Defendant answered, admitting the execution of the contract; denied performance of the conditions thereof on the part of plaintiff; denied that he ever failed or refused to deliver the remainder of the hay at a time when delivery thereof could have been made under the terms of said contract; and alleged that at a time when the weather conditions were good and when he was able to make delivery of said hay and insisting thereon the plaintiff refused to receive the same, etc.

The case was tried to a jury, and resulted in judgment for plaintiff in the sum of $269.80.

The contract of sale is as follows:

"This agreement made and entered into this the 15th day of January, 1912, by and between C. D. Norton, of

Big Cabin, Okla., party of the first part, and the Huffine Company, of Kansas City, Mo., by their agent, W. S. Butler, parties of the second part, witnesseth that for and in the consideration and the agreement hereinafter mentioned the said first party hereby sells and by these presents does hereby sell unto the said parties of the second part 100 tons of baled hay, to grade No. 1, at $11.00 per ton, f. o. b. Big Cabin, Okla., 40 tons of this said hay to be loaded as soon as cars can be secured for the loading and weather permitting the said hay to be loaded. Hay to be weighed by W. E. Bell, also grade accepted at Big Cabin, Okla., and the other 60 tons to be weighed and graded as above stated, to be shipped out in 90 days; car service and weather conditions also as above stated.

"For the consideration above stated the said second parties have this day paid to the party of the first part $100.00 cash, to be held back until the last car is loaded, as a forfeit that the said second parties will take hay as above stated by paying on drafts with bills of lading attached on demand. The said first party hereby agrees to protect the second parties for the $100.00, should fire destroy the said hay."

Defendant delivered 55 tons of said hay in compliance with the terms of said contract. He contended, and so testified, that the roads and weather conditions were excellent, and that he insisted upon delivering the remainder of said hay in the month of February, but that the agent of the plaintiff refused to accept the same. This was denied by the agent. The evidence also developed the fact that thereafter the weather conditions, for at least a portion of the time within the 90-day period, were such that the delivery of the hay was impracticable. Undisputed evidence shows that in the latter part of March and the first of April, and even up to the 14th or 15th of April, plaintiff insisted upon delivery of the hay by the

·defendant, and offered to pay therefor in compliance with the terms of said contract.

It was the contention of defendant that because of the refusal of the plaintiff to receive the hay at a certain time during the 90-day period, within which he contends that the contract must have been fully complied with by the delivery of and payment therefor, the plaintiff lost any right to thereafter insist upon delivery thereof, and that when said 90 days' time expired he was under no further obligation to comply with the terms of said contract.

The court instructed the jury upon the theory of the defense, and gave the following, among other charges:

"You are instructed that, if you find and believe from the evidence in this case that at any time after the making of the contract sued upon herein between the parties within the 90-day period mentioned herein, or within a reasonable time after said period, that the weather conditions and securing cars for shipment were such that said hay could have been loaded out at Big Cabin, Okla., as provided for in said contract, and that the plaintiff prevented the same from being done without the acquiescence, agreement, or consent of the defendant, then and in that case you should find the issues in favor of the defendant and against the plaintiffs."

The court also gave the following instructions:

"No. 4. You are instructed that under the law of this state time is not to be considered of the essence of a contract, unless by its terms expressly so provided, and that under the contract sued upon in this action time is not of the essence of the contract; and if you find from the evidence that the plaintiffs offered to take and accept the hay and to pay for the same as provided for by the contract, the defendant was bound to deliver the same when the car and weather conditions would permit, and this even after the expiration of the 90 days mentioned in the

contract, provided that the plaintiffs offered to take and accept the hay and to pay for the same within a reasonable time thereafter; and if you find from the evidence that the defendant, before the commencement of this action, refused to deliver the hay, after the expiration of the 90 days mentioned in the contract, and upon demand of the plaintiffs so to do within a reasonable time thereafter, and informed the plaintiff or his agent that he did not intend to deliver any more hay, that then in that case the court instructs you that the plaintiff had the right to treat the contract as broken and violated on the part of the defendant, and the plaintiff is entitled to recover damages if it has sustained any on account thereof."

The giving of instruction No. 4 is assigned and urged as prejudicial error, in that it was a charge upon a matter entirely outside the issues and upon which there was no evidence.

The evidence was conflicting as to whether or not at the time specified in said instruction the defendant offered to deliver the remainder of the hay in compliance with the terms of his contract, and the plaintiff then refused to accept the same. However, the defendant's theory upon this issue was submitted to the jury under instructions to which no exceptions were taken, and the jury found against him.

The undisputed evidence is that in March and April, within and shortly after the 90-day period, plaintiff was demanding compliance with said contract on the part of defendant by a delivery of the remainder of the hay. The testimony of defendant himself is that during a part of the time the weather conditions were such that delivery thereof could not be made.

By the terms of the contract it was clearly contemplated that the hay should be delivered within 90 days

if it was practicable to do so under the prevailing condition of the weather, and not that it should be delivered and accepted within that time regardless of the very contingency for which provision was made. Under the evidence adduced, had defendant tendered the hay to plaintiff within such reasonable time after the expiration of 90 days from the date of the contract as the conditions of the weather made delivery thereof possible, plaintiff would then have been obliged to accept it at the contract price. In the sense contended for by defendant, time was not of the essence of the contract. It is difficult to see how the jury could have been misled by the language used in the instruction to the prejudice of defendant.

Complaint is also made of the failure of the court to give certain instructions requested by defendant. An examination thereof discloses that the portions applicable are embraced within the general charge of the court, and there was no error in refusing to submit them to the jury.

Upon a review of the entire record, we are persuaded that the issues were submitted to the jury under instructions fairly stating the law of the case, and that substantial justice has been done in the rendition of the judgment.

By the Court: It is so ordered.